# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND
### CIVIL DIVISION

| | |
|---|---|
| SANDI ANDERSEN  DBA DHARMA NUTRITION LLC DBA DHARMA HEALING CENTER | ) ) ) ) ) |
| *Plaintiff* | ) ) |
| v. | ) ) |
| VAGARO INC. | ) ) |
| *Defendant* | ) ) ) |

Complaint & Demand for trial by Jury

## **INTRODUCTION**

1. The Plaintiff, Sandi Andersen (hereto referred to as "Anderson") is an individual residing at 85 Union St, Bristol, RI 02809, who owned and operated Dharma Nutrition LLC dba Dharma Healing Center (hereto referred to as "Dharma") from 2009-2019, with the final address of 536 Atwells Avenue, Suite 1, Providence, RI 02806.

2. The Defendant is Vagaro, Inc., (hereto referred to as "Vagaro") a California Corporation operating at 4120 Dublin Blvd #250, Dublin, CA 94568.

## **JURISDICTION & VENUE**

3. This Court has jurisdiction based on diversity of citizenship pursuant to 28 U.S.C § 1332 (a)(1).

4. Andersen is a resident of the state of Rhode Island. Dharma Healing Center dba Dharma Nutrition LLC is a registered business with the Rhode Island Secretary of State, and has the principal place of business in Rhode Island.

5. Vagaro Inc is a business with the registered office and principal place of business in the State of California as of October 2013.

6. The amount in controversy, exclusive of interests and costs, exceeds the sum or value of $75,000 pursuant to 28 U.S.C. § 1332(a).

7.  Venue is proper in the District of Rhode Island under 28 U.S.C. § 1391 because a substantial part of the acts and omissions giving rise to this action occurred in Rhode Island. 28 U.S.C. § 1391(b).

## FACTS

8.  Plaintiff Sandi Andersen operated a successful holistic healing center under Dharma Nutrition LLC dba Dharma Healing Center from approximately 2009 to 2019.

9.  Dharma offered services such as massage therapy, reiki, and yoga, developing a steady base of staff and clients over the years.

10. Dharma employed various specialized practitioners who performed specific services to particular clients based on their preferences and needs.

11. On or about December 2018 contracted with Vagaro for Vagaro to provide Dharma with a client management software platform. Dharma contracted membership. The services included maintaining Dharma client contact information, billing information, automatically charging monthly membership fees to clients, tracking employee information, running payroll, and providing a point of sale system.

12. Dharma had previously been using management software, MindBody, in which all Dharma's business data was stored. Vagaro was contracted to facilitate the entire import of Dharma's data from MindBody, and into the Vagaro system.

13. Dharma's membership with Vagaro included online support features such as live chat and phone calls, allowing Dharma staff to communicate with Vagaro representatives.

14. On or around February 2, 2019, Andersen sent Vagaro a list of the services to add and which clients should not be included in the import.

15. On or around February 26, 2019 Andersen received an email from Vagaro representative, Daniel H, confirming the import of all the membership packages and clients that Dharma held within the Mind and Body platform.

16. The import facilitated by Vagaro introduced various issues for Dharma by importing clients and services which should not have been included.

17. The Vagaro software frequently double booked clients, double charged clients, changed appointments to other practitioners, or otherwise failed to provide the proper services as contracted for by Dharma.

18. There are more than thirty (30) documented cases of Dharma being forced to give away free services or clients cancelling because of faults within the Vagaro software.

19. Dharma owner Andersen and employees of Dharma frequently reached out to Vagaro support representatives in order to address the issues with the Vagaro software.

20. There are a total of twenty six (26) documented hours of communication between Vagaro and Dharma staff.

21. Oftentimes, the Vagaro support staff were unable to resolve issues Dharma staff experienced and on occasion, would not respond or follow up in a timely manner.

22. On or around  March 8, 2019, Andersen opened a chat support with a Vagaro representative identified as "Dan." Anderson opened the support chat because of an ongoing error with Vagaro's booking software. Andersen informed Dan that clients were booking sessions with the wrong practitioners, as well as on days that practitioners had blocked off in their calendar. Dan informed Andersen this "was not possible" and said he would have the development team look into the issue.

23. On or around  March 25, 2019, Andersen opened a chat support with a Vagaro representative identified as "Grant." Andersen opened the support chat because of the ongoing problems with the Vagaro, including errors in bookings on the Vagaro platform. Andersen wrote "The client is very angry and has sent emails describing in great detail how unprofessional my business is because our software allowed her to book her session with the wrong practitioner."

24. On or around  March 28, 2019, Andersen opened a chat support with a Vagaro representative identified as "Ashley." Andersen sent a chat regarding the Vagaro software double bookings, and otherwise malfunctioning. Andersen wrote, "It's a huge ongoing problem...please ask them to troubleshoot this...it cannot keep happening." The Vagaro representative replied "I sent this out to our development team but they were not able to determine how this customer was able to book that appointment in that time slot. I apologize, we could not get a clearer response for you."

25. There are multiple instances in which clients left Dharma specifically due to billing and booking issues. In one instance, a client threatened legal action against Dharma due to credit card charging errors.

26. On or around April 5, 2019 Andersen opened a chat  support with Vagaro representative identified as "Navi" to request Payroll setup assistance, specifically asking how to automatically deduct income taxes from employee wages. Navi recommended Andersen engage in actions that are illegal under Rhode Island State Law. Andersen informed Navi of the legal concern and Navi did not offer any alternative solution.

27. On or around  July 3, 2019, Dharma employee Kathy Gecawicz resigned, citing "countless hours" trying to fix issues that Vagaro created.

28. On or around  July 7, 2019, Dharma employee Randy De La Cruz resigned, citing the "detrimental" nature of Vagaro's software and support to Dharma.

29. Vagaro's credit card chargeback notifications sent to Dharma failed to include accurate information necessary for Dharma to investigate and resolve. This resulted in lost time and having to pay employees to manually track down basic info.

30. The Vagaro software cancelled hundreds of monthly Dharma memberships which should never have been deleted.

31. The financial impact of the loss of the monthly memberships, and the badwill which had been created by the failed Vagaro system resulted in the inability of Andersen to maintain the business. Andersen closed Dharma in July 2019 as a direct result of the damage done to her business by the failed Vagaro software.

32. Due to the material breaches, Dharma and Andersen documented a loss of over 8,000 clients as a direct result of the breaches by Vagaro Inc.

## COUNT I - BREACH OF CONTRACT

33. Andersen incorporates by reference paragraphs 1-31 of the Complaint as if fully alleged herein.

34. During this same time period, Andersen had engaged the services of Vagaro and established a working and paid relationship between the two.

35. During this time period, Vagaro was unable to accomplish the promises it gave to Andersen and Dharma from the outset of their venture. Vagaro allowed incorrect booking, incorrect cancellations, over-charged clients on numerous occasions and failed to uphold what it presented to Andersen and Dharma as a joint venture.

36. Vagaro had a clear duty to Dharma and Andersen through their employment. Vagaro breached their contract through negligent business practices and the breach of contract had a severe impact on the ability of Dharma to run properly. As a result of Vagaro's malfeasance, Andersen lost the business.

WHEREFORE, the Plaintiff, Sandi Andersen, demands judgment against the Defendants, Vagaro Inc., on Count I of this Complaint, plus interest and costs of this action.

## COUNT II - BREACH OF IMPLIED WARRANTY

37. Andersen repeats, realleges, and incorporates by reference as if set forth hereto in their entirety Paragraphs 1 through 35 of this Complaint.

38. Andersen alleges that during this same time period, Vagaro supplied broken and/or faulty software to Andersen and made little to no attempt to fix it. As a result of this breach of warranty, Andersen and Dharma suffered greatly and lost clients who directly cited this as

reason for leaving. The software was never properly onboarded with existing client data, creating an insurmountable mass that also greatly affected the business.

39. Vagaro violated RI Gen L § 6A-2-329 (2013) by providing a product that was ineffective and defective without ever fixing the issues that were brought up by Andersen.

WHEREFORE, the Plaintiff, Sandi Andersen, demands judgement against the Defendants, Vagaro Inc., on Count II of this Complaint, plus interest and costs of this action.

## <u>COUNT III - BREACH OF GOOD FAITH AND FAIR DEALING</u>

40. Andersen repeats, realleges, and incorporates by reference as if set forth hereto in their entirety Paragraphs 1 through 18 of this Complaint.

41. During this same time period, Vagaro was tasked with supplying a product in good faith that would assist and grow Andersen's business.

42. Vagaro repeatedly failed to meet the spirit of the working relationship, often lacking the diligence in duty they had to Andersen. The support staff and Vagaro as a whole provided incorrect information, did little to nothing to fix their errors, and did not provide the proper training to accompany their product.

43. The advice given in support of the Vagaro platform was negligent advising, as Vagaro had a duty to help Dharma, they violated their duty by providing false and misleading information, the breach greatly damaged Dharma's reputation, and ultimately led to the closing of the business.

WHEREFORE, the Plaintiff, Sandi Andersen, demands judgement against the Defendants, Vagaro INC., on Count III of this Complaint, plus interest and costs of this action.

The Plaintiff(s) demand compensation in the amount of $7,186,785.00.

## <u>JURY DEMAND</u>

The Plaintiff hereby respectfully requests a trial by jury on each and every issue plead within this Complaint or to be pleaded.

By Plaintiffs' Attorney,


/s/ Megan E Sheehan
Megan E. Sheehan, Esq.
RI Bar #9804
Sheehan & Associates
65 Bay Spring Ave
Barrington, RI 02806

P: (401) 400-5839
F: (401) 223-48
megan@sheehanlawoffice.net

DATED: July 7, 2021